**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MARGARET SAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-1034 |
| § | |
| NATIONWIDE PROPERTY AND § | |
| CASUALTY INSURANCE COMPANY § | |
| and JEFFREY D. ROBERTS, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This is an insurance dispute over a claim for hurricane damage to the plaintiff's home. Margaret Sam sued her homeowners insurer, Nationwide Property and Casualty Insurance Company, and the adjuster who worked on the claim, Jeff T. Roberts.[1] Sam sued in Texas state court and Nationwide timely removed based on diversity of citizenship.[2] Sam has moved to remand, asserting that the amount in controversy is less than $75,000. (Docket Entry No. 3). Based on the motion and response, the parties' submissions, and the applicable law, this court denies the motion to remand. The reasons are set out below.

**I.   Background**

On the night of September 12, 2008, Sam's residence was damaged by Hurricane Ike.

---

[1]   Sam misidentified the defendant as "Jeffery D. Roberts." (*See* Docket Entry No. 1–6, 1–7). The defendant's name is in fact Jeff T. Roberts. (Docket Entry No. 1–1).

[2]   Roberts has not joined in the removal because he has not been served. Nationwide states that "upon information and belief" it "believes that Defendant Jeff T. Roberts, after service, will consent to and join this removal." (Docket Entry No. 1).

(Docket Entry No. 1–6).  The residence was insured by a Texas Homeowner's Insurance Policy issued to Sam by Nationwide.  (*Id.*)  After the storm, Sam filed a claim with Nationwide, which assigned Roberts as the adjuster.  (*Id.*)  Nationwide asserts in the notice of removal that the Policy limit is $281,960.00.  After Roberts assessed the damage, Nationwide paid $9,333.97.  Under the Policy, $272,626.03 remains as the potential liability limit.  (Docket Entry No. 1).

On January 13, 2010, Sam sued Nationwide and Roberts in Texas state court.  (Docket Entry No. 1–6).  Sam stated that she and Roberts are both Texas residents and that Nationwide is "an insurance company engaging in the business of insurance in the State of Texas." (*Id.*).  Sam alleged separate violations of the Texas Insurance Code for Nationwide and Roberts and a claim for common law fraud against both.  (*Id.*).  Sam also asserted claims against Nationwide for breach of contract and breach of the duty of good faith and fair dealing.  (*Id.*).  Sam sought the following remedies:

> 59. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney fees.
>
> 60. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff ask [sic] for three times her actual damages. TEX. INS. CODE § 541.152.
>
> 61. For noncompliance with [sic] Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.
>
> 62. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages,

> including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.
>
> 63. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest and court costs.
>
> 64. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

(*Id.*). The petition did not allege a specific damages amount.

On the same day she filed suit, Sam mailed a certified demand letter notifying Nationwide that she was seeking a minimum of $200,000 in damages. (Docket Entry No. 11–1). In this notice, Sam demanded payment of the following:

| | | |
|---|---|---|
| 1. | $ 125,000.00 | in economic damages; |
| 2. | $ 25,000.00 | in mental anguish damages; and |
| 3. | $ 50,000.00 | for expenses, which [Nationwide] should note will increase as [Sam] prepares this case for trial. |

(*Id.*). Sam stated that she would "be seeking damages and compensation from [Roberts] personally as well." (*Id.*). Sam asserted that she "expect[s] to recover her actual damages, along with damages for mental anguish, prejudgment interest, attorney's fees and breach of duty of good faith and fair dealing" in addition to seeking "recovery in the form of treble damages and additional penalties . . . ." (*Id.*).

On February 10, 2010, Sam filed an amended petition. (Docket Entry No. 1–7). The only change was to state that she "seeks damages not in excess of $72,500.00 including penalties, interests, attorneys fees, court costs and expenses." (*Id.*). On the same date, Sam mailed an amended demand letter to Nationwide. (Docket Entry No. 11–2). In the February 10 letter, Sam demanded the following amounts from Nationwide within 60 days:

| | | |
|---|---|---|
| 1. | $ 44,500.00 | in economic damages; |
| 2. | $ 7,000.00 | in mental anguish damages; and |
| 3. | $ 20,600.00 | for expenses, including attorney's fees, which [Nationwide] should note will increase as [Sam] prepare[s] this case for trial. |

(*Id.*). The letter again asserted that if the amount was not paid, Sam would seek her actual damages, mental anguish, treble damages, additional penalties, and attorney's fees. (*Id.*).

Roberts submitted a declaration stating that he had not been served with process and that he is a citizen of Oklahoma. (Docket Entry No. 1–1). On March 4, 2010, Sam filed and received a nonsuit, presumably of Roberts. (Docket Entry No. 1–5). Additional documentation of this nonsuit was not provided in the notice of removal, the motion to remand, or the response.[3]

On March 1, 2010, Nationwide was served with process. (Docket Entry No. 1). Nationwide timely removed on the basis of diversity of citizenship. (Docket Entry No. 1). On May 13, 2010, Sam filed a motion to remand. (Docket Entry No. 10). Nationwide responded. (Docket Entry No. 11).

---

[3] Nationwide included the state court case history among the matters filed to support removal. (Docket Entry No. 1–5). Sam filed a nonsuit on March 4, 2010, (State Court Document No. 44707488, Plaintiffs Notice of Non-suit Without Prejudice), and obtained an order for the nonsuit on the same day. (State Court Document No. 44771541, Nonsuit/Dismissal, Partial (Rule 162)).

## II.     The Applicable Law

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  *See* 28 U.S.C. § 1441.  The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2000) (*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)); *see Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000) ("[T]he party invoking removal jurisdiction has the burden of establishing federal court jurisdiction . . . .").  To determine removal jurisdiction, the federal court must consider the claims in the state court petition as they existed at the time of removal.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 2000).  Any ambiguities are construed against removal.  *Manguno*, 276 F.3d at 723; *De Aguilar*, 47 F.3d at 1408; *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

A federal court must decline jurisdiction in diversity cases if the requirements of 28 U.S.C. § 1332(a) are not established.  *See* 28 U.S.C. § 1441.  In order for a federal court to decline jurisdiction because the amount in controversy requirement is not met, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *De Aguilar*, 47 F.3d at 1409 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  The Fifth Circuit has "indicated that the legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages."  *De Aguilar*, 47 F.3d at 1409.  In such a case, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount."  *Id.* at 1412.

The defendant can show the amount in controversy is greater than $75,000 if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) [he] sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (quotation omitted). "The proper procedure is to [initially] only look at the face of the complaint and ask whether the amount in controversy [is] likely to exceed [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). If it is not facially apparent, then "a removing attorney may support federal jurisdiction by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Id.* at 1335. The defendant may not rely on mere conclusory arguments, but rather "ha[s] an affirmative burden to produce information, through factual allegations or an affidavit" that is sufficient to show the requisite jurisdictional amount. *Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828, 839 (E.D. Tex. 2008) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. Specifically, the plaintiff must show "that at the time of removal he was legally certain not to be able to recover" more than $75,000. *Allen*, 63 F.3d at 1335 n.14. The plaintiff "may establish this by identifying a statute, or by filing a binding stipulation, that so limits her recovery." *Manguno*, 276 F.3d at 724. This is not a "burden shifting exercise," but requires that the plaintiff "make all information known at the time he files the complaint." *De Aguilar*, 47 F.3d at 1412.

**III.    Analysis**

    **A.**    **Citizenship**

Sam, a Texas citizen, alleged in her original and amended petitions that Nationwide is "an insurance company engaging in the business of insurance in the State of Texas." (Docket Entry No. 1–6, 1–7). Nationwide has shown that it is an Ohio insurance company with its principal place of business in Ohio. (Docket Entry No. 1). A corporation is a citizen of both its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Sam has not disputed or asserted facts contrary to Nationwide's claim of Ohio citizenship. Nationwide is an Ohio citizen for the purpose of diversity jurisdiction.

Sam asserted in her original and amended petitions that Roberts is a Texas resident. (Docket Entry No. 1–6, 1–7). Roberts stated in his declaration that he is a resident and citizen of Oklahoma. (Docket Entry No.1–1). There no indication that Roberts has been served. Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added). The original petition was filed on January 13, 2010. (Docket Entry No. 1–6). The state court case history indicates that Sam may have nonsuited Roberts. (Docket Entry No. 1–5). Roberts is either diverse or his citizenship is irrelevant. Complete diversity is present either way.

    **B.**    **Amount in Controversy**

In determining if the amount in controversy requirement is satisfied, this court must first look to the face of the state court petition. *Allen*, 63 F.3d at 1336. If the answer is not facially apparent,

this court may consider facts asserted in the notice of removal. *Id.* at 1335. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar*, 47 F.3d at 1408 (quoting *St. Paul Mercury Indemnity Co.*, 303 U.S. at 288); *Manguno*, 276 F.3d at 723 *(citing St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Texas law prohibits plaintiffs from petitioning for a specific amount in claims for unliquidated damages. *See* TEX. R. CIV. P. 47(b) ("An original pleading which sets forth a claim for relief . . . *shall contain* (b) in all claims for unliquidated damages *only the statement that the damages sought are within the jurisdictional limits of the court . . . .*" (emphasis added)); *see De Aguilar*, 47 F.3d at 1410. In her amended petition, in the section headed "Jurisdiction," Sam stated that she "seeks damages not in excess of $72,500.00 including penalties, interest, attorneys [sic] fees, court costs and expenses." (Docket Entry No. 1-7). The Fifth Circuit held in *De Aguilar* that such a statement does not preclude recovery of a larger amount. 47 F.3d at 1412–13 ("[T]here is no state provision that limits the amount of damages plaintiffs are seeking, or can recover, to the amount they have asked for in the complaint, i.e., an amount not to exceed $50,000."). Sam's stated damage amount "remains presumptively correct unless [Nationwide] can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *Id.* at 1412.

Nationwide argues that the amended petition and record show that the damages Sam seeks exceed $75,000. In the amended petition, Sam asked for actual damages, including the loss of insurance benefits that should have been paid, mental anguish, court costs, and attorney's fees; three times actual damages; an 18% penalty; additional damages due to nonpayment, including "additional costs [and] economic hardships;" and exemplary damages. (Docket Entry No. 1–7.). Sam stated in her amended petition that she "seeks damages not in excess of $72,500.00 including penalties,

8

interest, attorneys [sic] fees, court costs and expenses," but she did not specify the distribution among the enumerated categories. (*Id.*). The Texas Insurance Code states that "the trier of fact may award an amount not to exceed three times the amount of *actual damages*." TEX. INS. CODE § 541.152 (emphasis added).

The notice of removal provides jurisdictional facts that support removal. *Allen*, 63 F.3d at 1335. In the notice of removal, Nationwide included Sam's original demand letter. (Docket Entry No. 1). Sam has submitted an amended demand letter she sent before Nationwide removed. (*See* Docket Entry No. 10–1). The amended letter, while not included with the notice of removal, is relevant because it was written before removal and relates to the period before removal. *See Allen*, 63 F.3d at 1335 ("[T]he jurisdictional facts that support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time."). In the amended letter, Sam demanded payment within 60 days of $44,500 in economic damages, $7,000 in mental anguish damages, and $20,600 for expenses, including attorney's fees. (Docket Entry No. 11-2). She stated that if she did not receive payment within 60 days, she would seek actual damages, mental anguish damages, attorney's fees, damages for breach of the duty of good faith and fair dealing, as well as trebling and additional penalties. Actual damages under the Texas Insurance Code does not include attorney's fees, interest, or court costs, and may not include damages for mental anguish. *See* TEX. INS. CODE § 541.152 ("A plaintiff who prevails in an action under this subchapter may obtain: (1) the amount of actual damages, *plus court costs and reasonable and necessary attorney's fees*"). Trebling the $44,500 given as the demand for economic damages would raise the amount in controversy to $133,500, well over the jurisdictional amount. In addition to treble damages, the Texas Insurance Code provides for recovery of court costs and "reasonable

and necessary attorney's fees." TEX. INS. CODE § 541.152. In the amended demand letter, Sam estimated her expenses, including attorney's fees, at $20,600, but stated that her attorney's fees "will increase as [she] prepare[s] this case for trial." (Docket Entry No. 11–2). The mental anguish damages and exemplary damages would also contribute to a recovery well in excess of $75,000. *See Troiani v. Allstate Ins. Co.*, No. CIVA B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006) (finding that the combination of the plaintiff's claim of a maximum recovery of $70,000 plus claims for additional attorney's fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000.); *see also Whitmire v. Bank One, N.A.*, No. Civ.A. H-05-3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (holding that the plaintiff's claims were likely to exceed $75,000 because the allegations in her complaint, if proven, would support an award for treble damages which, along with attorney's fees, increase the value of her claims above $75,000); *see also Martin v. Southwest PCS, L.P.*, No. SA-03-CA-866-XR, 2003 WL 22477692, at *3 (W.D. Tex Nov. 3, 2003) (holding that although the plaintiff stated that damages would not exceed $74,000, it was more likely than not that the plaintiff's compensatory damages, punitive damages, and attorney's fees would exceed $75,000). Nationwide has shown "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1412.[4]

---

4

Nationwide also noted that it has $272,626.03 of potential liability remaining under the Policy. (Docket Entry No. 1). The Fifth Circuit has held that while "under certain circumstance the policy limits will establish the amount in controversy . . . in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face of the amount of the policy." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (quotation omitted). Accordingly, the amount of potential liability remaining under the Policy is not sufficient evidence to show that the jurisdictional amount has been meet. *See Dudenhefer v. State Farm Fire & Cas. Co.*, No 10-629, 2010 WL 2010219, at *4 (E.D. LA May 18, 2010).

Because Nationwide was "able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper" unless Sam can show "that it is legally certain that [her] recovery will not exceed the amount stated in the state complaint." *Id.* To do this, Sam must show "that at the time of removal [s]he was legally certain not to be able to recover" more than $75,000. *Allen*, 63 F.3d at 1335 n.14. Sam contends that this is satisfied by her pleading that "the amount in controversy is not in excess of $72,500.00." (Docket Entry Nos. 1–6; 10). Under Texas law, Sam's pleading does not show that she is legally certain not to be able to recover more than $75,000. Texas forbids the pleading of specific monetary amounts in claims for unliquidated damages. TEX. R. CIV. P. 47(b). "[A] plaintiff, in a case for unliquidated damages, cannot, absent a further showing, avoid removal by pleading for damages under the jurisdictional amount where a state court rule prevents such pleading and where defendants are able to show that it is facially apparent that the amount in controversy exceeds [$75,000]." *De Aguilar*, 47 F.3d at 1413. Sam has not filed "a binding stipulation or affidavit with [her] complaint" limiting her damages. *De Aguilar*, 47 F.3d at 1412. Because Sam has failed to show that she is legally certain to recover no more than $75,000, the amount in controversy requirement is satisfied and removal was proper.

**IV.    Conclusion**

The motion to remand is denied.

SIGNED on June 16, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

11